**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                               :
FITZ-ALBERT ANTHONY HYATT,     :
                               :    Civil Action
            Petitioner,        :    No. 05-2924(FLW)
                               :
       v.                      :
                               :            OPINION
WARDEN JOHN NASH,              :
                               :
            Respondent.        :
_____:
```

**APPEARANCES:**

    FITZ-ALBERT ANTHONY HYATT, #54229-004, Petitioner <u>Pro</u> <u>Se</u>
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

    IRENE E. DOWDY, Assistant United States Attorney
    CHRISOTPHER J. CHRISTIE, United States Attorney
    Office of the United States Attorney
    402 East State Street, Suite 430
    Trenton, New Jersey 08608
    Attorneys for Respondent

**WOLFSON, DISTRICT JUDGE**

    Plaintiff Fitz-Albert Anthony Hyatt ("Hyatt"), a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Respondent is

---

[1] Section 2241 provides in relevant part:

    Writs of habeas corpus may be granted by the Supreme
    Court, any justice thereof, the district courts and
    any circuit judge within their respective jurisdictions. .
    . . (c) The Writ of habeas corpus shall not extend to a

Warden John Nash.  (Petition, Caption.)  By prior Order of this Court, Respondent was permitted to file a motion to dismiss for lack of jurisdiction.  (See Habeas Rules 4-5, Docket Entry #5.) As Petitioner was authorized to apply for relief under 28 U.S.C. § 2255, applied for such relief, and has not shown that § 2255 is inadequate or ineffective to test the legality of his detention, the Court will dismiss the Petition for lack of subject matter jurisdiction under 28 U.S.C. § 2241.

**I.  BACKGROUND**

On May 9, 2000, Petitioner, pursuant to a plea agreement, pled guilty in the Southern District of Florida to a charge of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841)a)(1).  (Brief in Support of Respondent's Motion to Dismiss at p.2; Declaration of Counsel.) The Plea Agreement stated that (1) sentence would be imposed under the Federal Sentencing Guidelines; (2) the sentencing court must impose a minimum term of ten years' imprisonment and could impose a statutory maximum of up to life imprisonment; and (3) "the United States would recommend a two-level reduction in offense level based on [Petitioner's] acceptance of personal responsibility ... provided Hyatt made an accurate and complete

---

prisoner unless- . . .  (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

disclosure to the U.S. Probation Office of the circumstances surrounding his relevant conduct." (Id.)  Petitioner was asked at that time whether he understood that the court must impose a ten year minimum sentence and could impose a maximum sentence of life imprisonment; he responded in the affirmative. (Id.; See also Plea Transcript Attached to Petition.)  Petitioner was sentenced to a term of 120 months imprisonment, to be followed by five years of supervised release. (Id.)  The judgment of the district court was affirmed by the Eleventh Circuit in March, 2001. (Id., p.3.)  Petitioner's § 2255 application was denied by the sentencing court on March 26, 2002; his appeal was subsequently dismissed for lack of prosecution. (Id., pp.3-4.)

Petitioner now seeks relief under 28 U.S.C. § 2241, arguing that "having pled guilty, I did not benefit from the reduction of acceptance of responsibility, nor did the judge have the power to [depart] below the 120 months." (Pet., Para. 9 and Grounds.) Petitioner adds that as the sentencing court severed 18 U.S.C. § 3353(b)(1), thus making the sentencing guidelines advisory, his 120 month sentence should be set aside and that he be resentenced "under the current advisory system." (Id.)

## II. DISCUSSION

A.  Claim Asserted

    Section 2241 of Title 28, United States Code, constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody.  A petition brought under § 2241 challenges the very fact or duration of imprisonment, and seeks a determination that a petitioner is entitled to immediate release or a speedier release from that imprisonment.  Prieser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973).  See also Benson v. New Jersey State Parole Board, 947 F.Supp. 827, 829-31 (D.N.J. 1996)(§ 2241 generally appropriate for claims challenging execution of sentence for which immediate or speedier release is appropriate); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a federal sentence as imposed should be brought under § 2255; challenges to the manner in which a sentence is being executed should be brought under § 2241).

    Despite having characterized his application under 28 U.S.C. § 2241, the Court finds that Petitioner is actually seeking to challenge the sentence as imposed by the trial court (properly made under § 2255), since he argues that he should be resentenced "under the current advisory system."  (Pet., Para. 9 and Grounds.)

Congress amended 28 U.S.C. § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA provides that once a prisoner has filed a § 2255 motion[2], he may not file another unless he first obtains a certification from a panel of the appropriate court of appeals permitting him to do so either because of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable factfinder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law. Id.

Petitioner cannot meet either of these requirements. Petitioner has not made a claim of newly discovered evidence; moreover, the United States Supreme Court has expressly held that for a new rule of constitutional law to be retroactive, the Supreme Court alone must have made it retroactive to cases pending on collateral review through a holding. Tyler v. Cain, 533 U.S. 656 (2001). Petitioner has simply failed to cite any such retroactively applicable rule of constitutional law to support his argument,[3] and, in any event, has failed to make the

---

[2] As noted above, Petitioner's § 2255 motion was denied in March, 2002.

[3] The Court also notes that, to the extent that Petitioner appears to rely on Booker v. United States, 543 U.S. 220 (2005), that case has been held not to apply retroactively to cases on collateral review. See Lloyd v. United States, 407 F.3d 608,

5

appropriate application to file a successive § 2255 motion to the Eleventh Circuit.

Moreover, Section 2255 expressly provides that a habeas corpus petition under § 2241 "in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained. . ." <u>unless the remedy under § 2255 is inadequate or ineffective to test the legality of his detention</u>." [Emphasis added]  This provision commonly is referred to as the § 2255 "savings clause."  See <u>Bridges v. Vasquez</u>, 151 F. Supp.2d 1353 (N.D. Fla. 2001).[4]

The Third Circuit has recognized that although there may be some rare situations in which a prisoner who cannot satisfy the gatekeeping requirements for a successive petition under § 2255 should be permitted to proceed under § 2241, a prisoner's inability or failure to comply with these requirements does not,

---

614-16 (3d Cir. 2005); <u>Varela v. United States</u>,400 F.3d 864, 868 (11th Cir. 2005).

[4]  Specifically, § 2255 provides in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

in and of itself, render § 2255 "inadequate or ineffective" so as to permit resort to § 2241.  See In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)(such a holding "would effectively eviscerate Congress' intent in amending § 2255").  See also Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(under Dorsainvil, § 2255 is not inadequate or ineffective for individuals to raise Apprendi v. New jersey claims); Carter v. White, 2002 WL 31424688, *2 (3rd Cir. Oct. 30, 2002)(citing Okereke).  Petitioner had his chance to apply for relief under § 2255; his prior § 2255 application was denied. Petitioner simply can not now raise his current claim in a § 2241 application if he has already proceeded with a § 2255 application, or because he has been denied permission by a Court of Appeals to file a second § 2255 application.  See 28 U.S.C. § 2255.   Resort to § 2241 is permitted "to ensure that petitioners have a fair opportunity to seek collateral relief, not to evade procedural requirements." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).[5] Petitioner simply had his chance to raise his claim in his previous § 2255 application, in which relief was denied.  See also Cradle, supra, 290 F.3d at 539 ("[Petitioner] cites neither an intervening change in the law nor any extraordinary

---

[5] "Section 2255 is not "inadequate or ineffective" merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539.

7

circumstances...to establish that his remedy under § 2255 is inadequate or ineffective." citing Dorsainvil, supra at 251-52). This Court finds that § 2255 is not inadequate or ineffective to raise the claim asserted by Petitioner in the instant matter. Consequently, this Court lacks jurisdiction to entertain the Petition for habeas corpus relief submitted pursuant to 28 U.S.C. § 2241.[6]

### III. CONCLUSION

Based on the foregoing, the Court will grant Respondent's motion and dismiss the Petition for want of jurisdiction.

An appropriate Order accompanies this Opinion.


                                    s/Freda L. Wolfson
                                    **FREDA L. WOLFSON**
                                    **UNITED STATES DISTRICT JUDGE**


**Dated March 7, 2006**

---

[6] Petitioner's claim asserting that he should be resentenced under an advisory sentencing guide system is properly brought under 28 U.S.C. § 2255. See Washington v. United States, 1998 WL 774006, *1 (E.D.Pa. Oct. 28, 1998) (citing United States v. Walker, supra., 980 F.Supp. at 145; United States v. Calloway, 1998 WL 631980 (E.D.Pa. Aug.28, 1998) (challenge to application of sentencing guidelines should be brought under § 2255). As explained above, since § 2255 is neither an inadequate or ineffective vehicle for presenting this claim, this Court lacks jurisdiction to consider this issue in a § 2241 Petition.